UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| In re: | |
|---|---|
| PAVERS, INC. | CASE NO.: 22-40463-11 |
| DEBTOR. | |

# MOTION FOR ORDER AUTHORIZING DEBTOR TO
# SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS

Debtor, Pavers, Inc. ("Debtor"), by and through its counsel David Prelle Eron of Prelle Eron & Bailey, P.A., moves the Court for an order substantially in the form attached hereto and marked Exhibit "2," pursuant to which the Debtor seeks Court approval and ratification of Debtor's sales of the bulk of Debtor's personal property free and clear of liens pursuant to 11 U.S.C. §363(b)(1) and procedures related thereto. The sales will be primarily by auction between September 20-26, 2022, to be conducted online, or in some cases, possibly, by private treaty sale. The facts and circumstances supporting this Motion and a more detailed statement of the relief requested are set forth below:

1. On August 8, 2022 ("Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11, Subchapter V, of the Bankruptcy Code. No chapter 11 trustee has been appointed herein except for the statutory subchapter V trustee. No creditors committee has been appointed herein. Debtor is a debtor-in-possession.

2. Debtor owns and operates a crushed rock sales and supply company, which has historically included the provision of construction related services in and around Salina, Kansas. The Debtor is in the process of liquidation and intends to sell all of its assets in an orderly fashion herein.

3. Debtor owns numerous items of equipment, machinery, and rolling stock. Debtor seeks Court approval to hold a public auction in order to liquidate the bulk of these items of personal property ("Auction"). The Auction will likely be conducted by Blackmon Auctions, who

1

has a history of selling Debtor's equipment (a separate employment application will be filed). The Auction will be conducted beginning on or about September 20, 2022, starting at 8:00 a.m. and closing on September 26, 2022 on a rolling basis until bidding on all items has concluded, and will be held online through www.blackmonauctions.com or such other website as Debtor subsequently identifies in the employment application for the auctioneer. All sales will be to the best and highest bidder. The assets will be sold in their then existing condition with no express or implied warranties, and the purchasers are to accept said assets in such condition. Payment will be required before the buyers take possession of any assets sold in the course of the auction. An itemized list of items to be sold at Auction is attached hereto as Exhibit 1 ("Assets"). In addition to the items listed on Exhibit 1, Debtor has numerous smaller items of inventory and equipment, and specifically seeks approval to sell such items as "Assets" in accordance with the procedures set forth herein.

4. Successful bidders or other buyers as set forth below will pay by credit card, wire transfer, or check.

5. Some of the Assets may be individually sold in advance of the Auction, or following the Auction to the extent they are not liquidated during the Auction, without subsequent motion and order, on the terms set forth in this paragraph. In the event that Debtor obtains a bona fide offer for individual item(s) of the Assets, which Debtor desires to accept, Debtor shall present the offer to the Subchapter V Trustee, PSB, and Westfield, as well as any other creditor holding or asserting a security interest in the applicable item(s) as set forth below, other than lienholders junior to PSB and Westfield, disclosing the applicable items to be sold, the sale price, any sale terms other than payment due in full at closing, and the identity of the buyer (including any insider connections). If all notified parties shall consent to the sale in writing, which shall include electronic communication by counsel for such parties, Debtor may thereafter conduct the sale and transfer the applicable items to the prospective buyer, and shall thereafter file a report of such sale

with the Court. In the event that such parties do not consent, Debtor shall be required to seek approval of the Court for such sale(s) in advance of selling such items outside of the Auction.

6. In particular, Debtor seeks approval for a private sale to Pat Martin of the 2014 Toyota Tundra Platinum 4WD, VIN 5TFAW5F14EX3757442006, and the Ford E150 Van, VIN 1FMRE11W56DB10668 for a sales price of $23,000.00. Pat Martin is the Debtor's, owner's, daughter's, husband's father. Debtor discloses this information out of an abundance of caution.

7. Ally Financial ("Ally") holds the only perfected lien in and to Debtor's 2016 Chevrolet Silverado, VIN 3GCUKREC9GG234629 and Debtor's 2017 Chevrolet Silverado, VIN 1GCOCUEG8HZ403803 ("Ally Assets"). Citizens One Auto Finance ("Citizens") holds the only perfected lien in and to Debtor's 2016 GMC Sierra, VIN 3GTU2PEC9GG163503 ("Citizens Asset"). Bobcat of Salina holds a validly perfected UCC-1 filing against certain Bobcat related items, but Debtor asserts that the claim is paid in full and there are no funds owing to Bobcat. The Plains State Bank, dba Bank IV a division of The Plains State Bank ("PSB") holds a first priority security interest in and to all of the remaining Assets, with the exception of some of the titled vehicles (Debtor has not yet verified perfection on the remaining rolling stock). Westfield Insurance Company ("Westfield"), the U.S. Small Business Administration ("SBA"), and Guarantee Company of North America USA ("GCNA") all hold junior liens on the Assets, with the exception of the items of titled rolling stock none of which are perfected and which Debtor asserts are invalid under Kansas law. Although the Assets do not have sufficient value to provide any return to these creditors given the amount owed to PSB, Westfield may assert marshalling claims concerning the order of liquidation of Debtor's assets.

8. All existing liens on the Assets shall attach to the proceeds of the Assets in the same order and with the same extent and validity as such liens existed in the Assets. Proceeds from the sales will first be applied to ordinary costs of sale, closing costs, auction costs, auctioneer commissions, and any unpaid personal property taxes. All such deductions shall be attributed to the proceeds from each item sold on a pro rata basis, with the exception of any personal property

3

taxes, which shall be solely attributed to the applicable item of personal property for which such taxes are due and owing. The remaining net proceeds shall be paid as follows:

      a. As to the Ally Assets, to Ally up to the full payment of Ally's applicable claim that is secured by the Asset being sold;

      b. As to the Citizens Asset, to Ally up to the full payment of Citizens' applicable claim that is secured by the Asset being sold;

      c. As to all remaining Assets, to the Debtor, to be deposited into the DIP Account held at PSB.

9. After the deposit of the net proceeds into the DIP Account, PSB shall be entitled to apply all funds in the DIP Account in excess of $50,000.00 to PSB's claims against the Debtor, but only as to such items in which PSB holds a lien. The application of these funds shall be without prejudice to the right of the Debtor or any other party in interest to seek disgorgement of such payments for any reason whatsoever, including but not limited to challenging the nature, extent, priority, or validity of PSB's security interests in the applicable Assets, challenging the allowance of PSB's claim(s), asserting claims against PSB, including any Chapter 5 causes of action, and/or asserting any marshalling claims. To the extent that any such funds are disgorged from PSB, the liens of all creditors traceable to the source of such funds shall attach to the proceeds of such disgorgement in the same order and with the same extent and validity as if such funds had never been applied by PSB in the first instance.

10. The auctioneer shall not distribute any of the proceeds without providing notice of the proposed distribution to the Debtor and receiving written confirmation approving of the proposed distribution, which Debtor shall provide only after consulting with counsel for the respective recipients identified above. Debtor will file a report of sale regarding all items sold at Auction no later than 20 days of the Auction's closing.

11. Pursuant to 11 U.S.C. §363(b)(1), a debtor-in-possession may, after notice and hearing, sell property of the estate outside the ordinary course of business. Such sale may be free

4

and clear of liens pursuant to 11 U.S.C. §363(f). Debtor requests that all creditors holding a lien in any such Assets be required to release such lien in any manner reasonably requested by Debtor or the buyer of the applicable Asset at Auction.

12. PSB, Ally, and Citizens shall retain their credit bid rights pursuant to 11 U.S.C. §363(k) as to any of the Assets in which they hold a first priority lien. All other creditors, even if they hold a junior lien, may bid at the Auction but must pay the full purchase price in the same manner as any other bidder.

13. Debtor believes it is in the best interest of the bankruptcy estate and its creditors to sell the Assets free and clear of all liens and encumbrances pursuant to the procedures as listed above.

WHEREFORE, Debtor requests entry of this Court's Order authorizing the Auction and/or private sales described herein free and clear of all liens and encumbrances, and for such other relief as the Court deems just and proper.

Respectfully Submitted by:

PRELLE ERON & BAILEY, P.A.
Attorneys for Debtors

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to the Office of the U.S. Trustee and to all parties of interest participating in the CM/ECF system.

*/s/ Margaret R. Spangler*
MARGARET R. SPANGLER
Assistant to David Prelle Eron

# EXHIBIT 1

| Eq. # | Year | Description | Serial #/VIN | Tag # |
|---|---|---|---|---|
| P100 | 2009 | CHEVROLET AVALANCHE PICKUP | 3GNEC32J29G230871 | 526BXM |
| P112 | 2014 | TOYOTA TUNDRA PLATINUM 4WD | 5TFAW5F14EX375744 | 617986 |
| P116 | 2009 | CADILLAC ESCALADE | 1GYFK33219R294014 | 741CCT |
| P117 | 2016 | GMC SIERRA DENALI 1500 PICKUP | 3GTU2PEC9GG163503 | 653JTB |
| P118 | 2006 | FORD E150 VAN | 1FMRE11W56DB10668 | 151GAB |
| P123 | 2011 | CHEVROLET PICKUP 1500 SILVERADO | 3GCPCSE09BG343382 | 627462 |
| P129 | 2016 | CHEVROLET PICKUP SILVERADO 4WD | 3GCUKREC9GG234629 | 627541 |
| P131 | 2016 | CHEVROLET COLORADO LT | 1GCHSCEA7G1358409 | 428KEP |
| P132 | 2007 | TOYOTA TUNDRA 4X4 | 5TBDV54177S473283 | 627582 |
| P133 | 2017 | CHEVROLET PICKUP 2500HD | 1GC0CUEG8HZ403803 | 656857 |
| P145 | 2004 | CHEVROLET SERVICE TRUCK | 1GBJC34U44E248095 | 620763 |
| P167 | 1984 | INT'L S1900 DUMP TRUCK | 1HTLKTVR8EHA55729 | 627433 |
| P170 | 1990 | INT'L 2500 DUMP TRUCK | 1HTGGGRT8LH207213 | 627434 |
| P171 | 1990 | INT'L 2500 DUMP TRUCK | 1HTGGGRT6LH207212 | 620762 |
| P172 | 1989 | CHEV KODIAK WATER TRUCK | 1GBM7D1Y8KV113231 | 627426 |
| P192 | 2003 | MACK CH613 TRACTOR | 1M1AA18Y43W154911 | 656870 |
| P194 | 2001 | INT'L 9400i TRACTOR | 2HSCNASR31C018428 | 694805 |
| P196 | 1978 | JOHNSON ROSS 1048 CONC BATCH PLANT | 65851 | |
| P201 | 1956 | FRUEHAUF VAN W/OFFICE | 24690 | |
| P204 | 1964 | FRUEHAUF STORAGE VAN | AVC135077 | |
| P205 | 1964 | HIGHWAY REEFER VAN | 64474838 | |
| P207 | 1965 | TRAILMOBILE VAN | 31954 | |
| P208 | 1972 | EQUIPMENT BOBCAT TRAILER | S70272KAN | |
| P210 | 1978 | EQUIPMENT MATERIAL TRAILER | S07582KAN | |
| P220 | 2003 | BELSHE EQUIPMENT TRAILER | 16JF0162631038720 | 616042 |
| P223 | 1998 | LOAD-KING TRAILER | 5LKL52358W1022155 | |
| P225 | 2015 | CARGOMATE CARGO TRAILER | 5NHUEH627FY071133 | 616043 |
| P231 | 2001 | DOOLITTLE TOOL TRAILER | 1DGCS14201M042526 | |
| P235 | 2010 | PJ DUMP BOX TRAILER | 4P5D71420A1136578 | |
| P238 | 2015 | PJ Gooseneck Trailer | 4P5LD3021F1231406 | 616046 |
| P239 | 2015 | PJ UTILITY TRAILER | 3CVU71419F2532057 | |
| P243 | 2002 | BELSHE BOBCAT TRAILER | 16JF0162321037037 | |
| P245 | 2004 | SURTRACK TANDEM AXLE TRAILER | 5JWCU142541002307 | |
| P249 | 2010 | RANCO END DUMP TRAILER | 1D9SD2625AR661082 | |
| P316 | 2016 | T595 MELROE BOBCAT | B3NK12108 | |
| P318 | 2005 | BOBCAT 442R COMPACTION EXCAVATOR | 528911212 | |
| P332 | 2001 | VIBROMAX 405PDB ROLLER | 9600806 | |
| P333 | 2012 | WACKER RD12A-90 SMOOTH DRUM ROLLER | 20086215 | |
| P354 | 2001 | HYSTER H60XM FORKLIFT | H177B29574Y | |
| P400 | 2001 | ATLAS COPCO MDL XAS96 AIR COMP | 4500A06181H000328 | |
| P508 | 2014 | HUSQVARNA GX4200 SOFFCUT SAW | 1337658001 | |
| P516 | 2014 | CORE CUT 8000 CONCRETE SAW | 144687 | |
| P517 | 2016 | MILLER BOBCAT 225 WELDER/GEN | MG271051R | |
| P518 | 2016 | CORE CUT 6550 CONCRETE SAW | 153652 | |
| P609 | 1995 | GOMACO TC-600 CURE & TINE MACHINE | MC16042-45R | |
| P611 | 1987 | GOMACO TC-600 CURE & TINE MACHINE | MC15268-45T | |
| P612 | 1995 | GOMACO 9000 TRIMMER | 909000-004 | |
| P621 | 2009 | ROLLER SCREED | T150908140 | |
| P622 | 2013 | CRAFCO SUPERSHOT 125D MELTER | 9SY1019C1418470 | |

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>PAVERS, INC.<br><br>DEBTOR. | CASE NO.: 22-40463-11 |

### ORDER GRANTING MOTION FOR ORDER AUTHORIZING DEBTOR TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS

This matter comes before the Court on the motion of Debtor, Pavers, Inc. ("Debtor") for an order authorizing Debtor's sales of the bulk of Debtor's personal property free and clear of liens pursuant to 11 U.S.C. §363(b)(1) and procedures related thereto (the "Motion"), Doc. No. ___, filed on August 15, 2022. The Motion was properly noticed to all parties in interest on August 15, 2022 with an approved shortened notice period, and an expedited telephonic hearing was held on August 24, 2022. David Prelle Eron appeared on behalf of the Debtor. Kent Adams appeared as the Subchapter V Trustee. Richard A. Kear appeared on behalf of the United States Trustee. Karl R. Swartz appeared on behalf The Plains State Bank, dba Bank IV a division of The Plains State Bank ("PSB"). Frank W. Wendt appeared on behalf of Westfield Insurance Company ("Westfield"). Tanya Sue Wilson appeared on behalf of the United States Small Business Administration. John T. Coghlan appeared on

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Pavers Inc. – Case No. 22-40463-11
**Order Granting Motion to Sell Personal Property**
**Free and Clear of Encumbrances**
August 15, 2022
Page 2

behalf of the Guarantee Company of North America USA ("GCNA"). Based upon the Motion, statements of counsel at hearing, and the record herein, the Court enters the following Order:

IT IS HEREBY ORDERED as follows:

1. The Court finds that all parties with an interest in the Assets (described below) have received adequate service and notice of the Motion in a manner permitting the entry of an order authorizing a sale of the Property free and clear of such interests.

2. The Motion shall be and hereby is GRANTED.

3. Debtor is authorized to hold a public auction in order to liquidate the bulk of its items of personal property ("Auction"). The Auction will be conducted by an auctioneer to be separately approved by the Court, possibly Blackmon Auctions.

4. The Auction shall be conducted beginning on or about September 20, 2022, starting at 8:00 a.m. and closing on or about September 26, 2022 on a rolling basis until bidding on all items has concluded, and will be held online through www.blackmonauctions.com or such other website as Debtor subsequently identifies in the employment application for the auctioneer.

5. All sales shall be to the best and highest bidder. Successful bidders or other buyers as set forth below will pay by credit card, wire transfer, or check. Payment will be required before the buyers take possession of any assets sold in the course of the auction.

6. The assets shall be sold in their then existing condition with no express or implied warranties, and the purchasers shall accept said assets in such condition. An itemized list of items to be sold at Auction is attached to the Motion as Exhibit 1 ("Assets"). In addition to the items listed on Exhibit 1, Debtor has numerous smaller items of inventory and equipment. Debtor is authorized to sell such additional personal property items as "Assets" in accordance with the procedures set forth herein.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Pavers Inc. – Case No. 22-40463-11
**Order Granting Motion to Sell Personal Property**
**Free and Clear of Encumbrances**
August 15, 2022
Page 3

7. Debtor is authorized to sell some of the Assets in advance of the Auction, or following the Auction to the extent they are not liquidated during the Auction, without subsequent motion and order, on the terms set forth in this paragraph. In the event that Debtor obtains a bona fide offer for individual item(s) of the Assets, which Debtor desires to accept, Debtor shall present the offer to the Subchapter V Trustee, PSB, and Westfield, as well as any other creditor holding or asserting a security interest in the applicable item(s) as set forth below, other than lienholders junior to PSB and Westfield, disclosing the applicable items to be sold, the sale price, any sale terms other than payment due in full at closing, and the identity of the buyer (including any insider connections). If all notified parties shall consent to the sale in writing, which shall include electronic communication by counsel for such parties, Debtor may thereafter conduct the sale and transfer the applicable items to the prospective buyer, and shall thereafter file a report of such sale with the Court. In the event that such parties do not consent, Debtor shall be required to seek approval of the Court for such sale(s) in advance of selling such items outside of the Auction.

8. In particular, Debtor is authorized to sell, by private sale to Pat Martin, the 2014 Toyota Tundra Platinum 4WD, VIN 5TFAW5F14EX3757442006, and the Ford E150 Van, VIN 1FMRE11W56DB10668 for a sales price of $23,000.00.

9. Debtor has indicated that Ally Financial ("Ally") holds the only valid lien in and to Debtor's 2016 Chevrolet Silverado, VIN 3GCUKREC9GG234629 and Debtor's 2017 Chevrolet Silverado, VIN 1GCOCUEG8HZ403803 ("Ally Assets"); that Citizens One Auto Finance ("Citizens") holds the only valid lien in and to Debtor's 2016 GMC Sierra, VIN 3GTU2PEC9GG163503 ("Citizens Asset"); and that The Plains State Bank, dba Bank IV a division of The Plains State Bank ("PSB") holds a first priority security interest in and to all of the remaining Assets, with the exception of some of the titled vehicles. Westfield Insurance Company ("Westfield"), the U.S. Small Business

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Pavers Inc. – Case No. 22-40463-11
**Order Granting Motion to Sell Personal Property**
**Free and Clear of Encumbrances**
August 15, 2022
Page 4

Administration ("SBA"), and Guarantee Company of North America USA ("GCNA") may hold junior liens on the Assets, with the exception of the items of titled rolling stock.

10. All existing liens on the Assets shall attach to the proceeds of the Assets in the same order and with the same extent and validity as such liens existed in the Assets. Proceeds from the sales shall first be applied to ordinary costs of sale, closing costs, auction costs, auctioneer commissions, and any unpaid personal property taxes. All such deductions shall be attributed to the proceeds from each item sold on a pro rata basis, with the exception of any personal property taxes, which shall be solely attributed to the applicable item of personal property for which such taxes are due and owing. The remaining net proceeds shall be paid as follows:

   a. As to the Ally Assets, to Ally up to the full payment of Ally's applicable claim that is secured by the Asset being sold;

   b. As to the Citizens Asset, to Ally up to the full payment of Citizens' applicable claim that is secured by the Asset being sold;

   c. As to all remaining Assets, to the Debtor, all of which shall be deposited into the DIP Account held at PSB and used by Debtor as detailed in Debtor's Motion for Interim Use of Cash Collateral, Doc. No. 12, as modified by the order granting that motion.

11. After the deposit of the net proceeds into the DIP Account, PSB shall be entitled to apply all funds in the DIP Account in excess of $50,000.00 to PSB's claims against the Debtor, but only as to such items in which PSB holds a lien. The application of these funds shall be without prejudice to the right of the Debtor or any other party in interest to seek disgorgement of such payments for any reason whatsoever, including but not limited to challenging the nature, extent, priority, or validity of PSB's security interests in the applicable Assets, challenging the allowance of PSB's claim(s), asserting claims against PSB, including any Chapter 5 causes of action, and/or asserting any marshalling claims.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Pavers Inc. – Case No. 22-40463-11
**Order Granting Motion to Sell Personal Property**
**Free and Clear of Encumbrances**
August 15, 2022
Page 5

To the extent that any such funds are disgorged from PSB, the liens of all creditors traceable to the source of such funds shall attach to the proceeds of such disgorgement in the same order and with the same extent and validity as if such funds had never been applied by PSB in the first instance.

12. The auctioneer shall not distribute any of the proceeds without providing notice of the proposed distribution to the Debtor and receiving written confirmation approving of the proposed distribution, which Debtor shall provide only after consulting with counsel for the respective recipients identified above. Debtor shall file a report of sale regarding all items sold at Auction no later than 20 days of the Auction's closing.

13. The sale of the Assets, by Auction or otherwise, shall be free and clear of liens pursuant to 11 U.S.C. §363(f). All creditors holding a lien in any Assets sold hereunder shall release such lien in any manner reasonably requested by Debtor or the buyer of the applicable Asset (any lien rights which such releasing creditor may have in the proceeds under other provisions of this Order will be unaffected).

14. PSB, Ally, and Citizens shall retain their credit bid rights pursuant to 11 U.S.C. §363(k) as to any of the Assets in which they hold a first priority lien. All other creditors, even if they hold a junior lien, may bid at the Auction but must pay the full purchase price in the same manner as any other bidder.

**IT IS SO ORDERED.**
# # #

**Respectfully Submitted:**
PRELLE ERON & BAILEY, P.A.

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
301 N. Main Street, Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Pavers Inc. – Case No. 22-40463-11
**Order Granting Motion to Sell Personal Property**
**Free and Clear of Encumbrances**
August 15, 2022
Page 6

**Approved by:**

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

*By: /s/ Richard A. Kear*
RICHARD A. KEAR, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6213 (phone)
Richard.Kear@usdoj.gov

MORRIS, LA1NG, EVANS, BROCK
& KENNEDY, CHARTERED

*/s/ Karl R. Swartz*
Karl R. Swartz, #12532
300 North Mead, Suite 200
Wichita, KS 67202
(316) 262-2671
kswartz@morrislaing.com
Attorneys for The Plains State Bank, d/b/a
Bank VI, a Division of The Plains State Bank

BROWN & RUPRECHT, PC

*/s/ Frank W. Wendt*
Frank W. Wendt, KS Bar # 13924
2323 Grand Blvd, Suite 1100
Kansas City, MO 64108
816-292-7000
816-292-7050 (Fax)
fwendt@brlawkc.com
Attorneys for Westfield Insurance Company

STEPHEN R. McALLISTER
United States Attorney
District of Kansas

*/s/Tanya Sue Wilson*
TANYA SUE WILSON
Assistant United States Attorney
KS S.Ct. No. 11116
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: tanya.wilson@usdoj.gov
Attorneys for the United States